UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALONZO ALVARADO QUINTERO,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL NO. SA-14-CA-474-XR (PMA) |
| | § | |
| **ERIC H HOLDER, JEH JOHNSON,** | § | |
| **ENRIQUE LUCERO,** | § | |
| **RANDEL J. HENDERSON, and** | § | |
| **RAY CASTRO,** | § | |
| | § | |
| Respondents. | § | |

**DISMISSAL ORDER**

On this date, the Court considered *pro se* Petitioner Alonso Alvarado Quintero's petition for a writ of habeas corpus. Petitioner files this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued pre-removal detention under 8 U.S.C. § 1226(c) without a determination that continued detention is justified.

**Background**

On August 28, 2012, Petitioner was convicted in the United States District Court for the District of Arizona of possession with intent to distribute marijuana and sentenced to serve 24 months imprisonment.[1] This conviction subjected him to administrative removal. In October, 2013, Petitioner came into the custody of United States Immigration and Customs Enforcement.[2] On October 17, 2013, Petitioner was served with a copy of his Form I-851, a Notice of Intent to Issue

---

[1] A copy of Petitioner's Judgment of conviction appears as Exhibit A to Respondent's motion to dismiss, filed July 28, 2014, ECF no. 13.

[2] A copy of Petitioner's three-page Form I-213 and Form I-831 appears as Exhibit B to Respondent's motion to dismiss, ECF no. 13.

a Final Administrative Removal Order.³  On October 30, 2013, Petitioner indicated that he wished to contest his removal, arguing that he was entitled to withdrawal of removal because he feared torture in Mexico upon his return there.⁴  Petitioner was subsequently interviewed by an asylum officer on February 12, who concluded that Petitioner has a reasonable fear of persecution or torture and, on March 21, 2014, issued a Notice of Referral to Immigration Judge.⁵  Petitioner appeared before the Immigration Judge on June 3, June 10, June 19, and July 7, 2014.⁶  Petitioner is due to appear again before the Immigration Judge on September 9, 2014.⁷

On May 19, 2014, Petitioner filed his petition for federal habeas corpus relief pursuant to § 2241, arguing that he had been held in detention for seven months pending the outcome of his removal proceedings, that he believes that he qualifies for withholding of removal, that he expects his detention to continue for at least six-to-eight months and possibly much longer while he goes through removal proceedings, and that his continued detention has become unreasonable.  Petitioner admits that he is properly subject to mandatory detention under § 1226(c).  Respondent filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and Rule 12(b)(6) on July 28, 2014.  Petitioner filed a response to Respondent's motion to dismiss on August 7, 2014, and Respondent filed a reply.

---

³ A copy of Petitioner's Form I-851 appears as Exhibit C to Respondent's motion to dismiss, ECF no. 13.

⁴ Exhibit C to Respondent's motion to dismiss, ECF no. 13.

⁵ A copy of the asylum officer's written conclusion and notice of referral appears as Exhibit D to Respondent's motion to dismiss, ECF no. 13.

⁶ Exhibits E through H attached to Respondent's motion to dismiss, ECF no. 13.

⁷ Exhibit H to Respondent's motion to dismiss, ECF no. 13.

**Jurisdiction**

This Court has previously held that it has jurisdiction to consider a due-process challenge to continued detention under § 1226(a), *see Kambo v. Poppell*, No. SA-07-CV-800-XR, 2007 WL 3051601 (W.D. Tex. Oct. 18, 2007), and other courts have concluded that district courts have jurisdiction to consider due process challenges to detention under § 1226(c). *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 517 (2003) ("the federal courts have jurisdiction to review a constitutional challenge to § 1226(c)"); *Kim v. Obama*, No. EP-12-CV-173-PRM, 2012 WL 10862140 (W.D. Tex. July 10, 2012) ("The Court is authorized to adjudicate Kim's § 2241 challenge to the constitutionality of his pre-removal detention."); *Ramirez v. Watkins*, No. B:10-126, 2010 WL 6269226 (Nov. 3, 2010) (Magistrate Judge Report and Recommendation) ("Petitioner specifically challenges the length and conditions of his current detention pursuant to 8 U.S.C. § 1226(c) based on the limits imposed by the Fifth Amendment, and additionally, the parameters outlined in *Demore v. Kim*, 538 U.S.C. 510(2003). Section 2241 requires nothing more to confer jurisdiction on the Court to hear the petitioner's present challenge to his continued detention.").

To the extent Respondent is arguing that the case should be dismissed for failure to exhaust administrative remedies, the Court notes that Petitioner does not contest the Immigration Judge's determination that he is subject to mandatory detention and therefore dismissal for failure to request a *Joseph* hearing is inappropriate. *Garcia v. Lacy*, No. H-12-3333, 2013 WL 3805730, at *3 (S.D. Tex. July 19, 2013) ("Because Petitioner in this case is not challenging his mandatory detention status pursuant to § 1226(c), dismissal for failure to request a *Joseph* hearing is inappropriate.").

Respondents' motion to dismiss for lack of subject matter jurisdiction is denied.

**Analysis**

Section 1226(c) mandates detention during removal proceedings for a limited class of deportable aliens, including those convicted of certain crimes. *Demore*, 538 U.S. at 518. Section 1226(c)(2) authorizes release on bond of a deportable alien such as Petitioner only in limited situations. Petitioner does not challenge the fact of his initial detention and does not contend that he is eligible to be considered for release on bond pursuant to § 1226(c)(2). Rather, relying on the Supreme Court's opinions in *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001) and *Demore v. Kim,* as well as the Third Circuit's opinion in *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011), he argues that his current pre-removal detention is no longer reasonable and violates constitutional due process principles.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Court considered habeas challenges brought by resident aliens who had been ordered removed and who were held in custody beyond the 90-day removal period due to the government's inability to effect their removal. As noted by the Court, when an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory "removal period," during which time the alien normally is held in custody. *Id.* at 682. Title 8 U.S.C. § 1231(a)(6) authorizes further detention if the government fails to remove the alien during those 90 days. The Court framed the issue as "whether this post-removal-period statute authorizes the Attorney General to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal." *Id.* Based on its "conclusion that indefinite detention of aliens [who were admitted but subsequently ordered removed] would raise serious constitutional concerns," the Court construed "the statute to

4

contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id*. While *Zadvydas* does impose a reasonable time limitation in the context of post-removal detention, Petitioner has not been ordered removed, and *Zadvydas* does not expressly apply.

In *Demore v. Kim*, 538 U.S. 510 (2003), the Court considered a habeas petition brought by a lawful permanent resident alien challenging the no-bail provision of § 1226(c). The Court held that "Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings." *Id*. at 513. The alien in *Demore* conceded that he was deportable, but challenged the constitutionality of § 1226(c) itself, arguing that his detention violated due process because the INS had made no determination that he posed either a danger to society or a flight risk. The Supreme Court concluded that although the Fifth Amendment entitles aliens to due process of law in deportation proceedings, detention during deportation proceedings is a constitutionally valid aspect of the deportation process. *Id*. at 523. Thus, aliens' due process rights are not necessarily violated when they are initially detained without a specific, individualized finding that a particular alien poses a flight risk or is a danger to the community. *Id*. at 523-24.

The *Demore* Court expressly distinguished *Zadvydas*, noting that the aliens challenging their detention following final orders of removal were ones for whom removal was "no longer practically attainable" such that the detention did not serve its purported immigration purpose. *Id.* at 527. Pre-removal detention, in contrast, "necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings , thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528. The *Demore* Court further

5

noted that *Zadvydas* was materially different because the period of detention at issue in *Zadvydas* was "indefinite" and "potentially permanent," while pre-removal detention is of a much shorter duration: "Under § 1226(c), not only does detention have a definite termination point, in the majority of cases it lasts for less than the 90 days we considered presumptively valid in *Zadvydas*." *Id.* at 529. The Court found, "In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal. [Kim] was detained for somewhat longer than the average—spending six months in INS custody prior to the District Court's order granting habeas relief, but [Kim] himself had requested a continuance of his removal hearing." *Id.* at 530-31. This detention did not violate due process.

In *Diop*, the Third Circuit relied on *Zadvydas* and *Kim* to conclude that although mandatory detention itself did not violate due process, "the statute [§ 1226(c)] implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Diop*, 656 F.3d at 231. The Third Circuit recognized that this inquiry will necessarily be fact-dependent and will vary depending on existing circumstances, and declined to establish a universal point at which detention will always be considered unreasonable. *Id.* at 233. The Third Circuit in *Diop* found that a three-year detention that was caused in part by the immigration judge's numerous errors, combined with the Government's failure to secure, at the earliest possible time, evidence that bore directly on the issue of whether Diop was properly detained, resulted in an unreasonable delay. *Id.* at 234.

Petitioner argues that his detention has exceeded the normally brief period necessary to effect

the removal that was contemplated in *Demore*, and that *Diop* provides that the statute must be read to impose reasonable time limitations in order to avoid potential due process problems. In 2010, Magistrate Judge Recio surveyed Fifth Circuit opinions, which provided little guidance, and district courts within the Fifth Circuit on this issue. *Ramirez v. Watkins*, No. B:10-126, 2010 WL 6269226 (S.D. Tex. Nov. 3, 2010). Magistrate Judge Recio concluded that one group of decisions "generally rule that once § 1226(c) detention is lawful, an alien must be detained until removal proceedings are concluded with no individual consideration ever being given to a particular detainee while removal proceedings are still pending." *Id.* at *11. He found this line of cases unpersuasive. *Id.* Other courts, including the Undersigned Judge, he found had "been more receptive to the concept that at-first lawful detention may become unreasonable in light of evolving circumstances." *Id.* (citing *Kambo v. Poppell* and other cases).

After also reviewing cases outside of the Fifth Circuit, Magistrate Judge Recio was confident "that § 1226(c) detention is not conclusively reasonable merely because it was so at its inception, or was so during the brief period necessary to ensure an expeditious conclusion to a criminal alien's removal proceedings." *Id.* at *13. Magistrate Judge Recio thus recognized an unreasonable detention claim, and concluded that determining reasonableness would be a fact-intensive inquiry that should be resolved through a case-by-case analysis not constrained by formulaic tests or factors. *Id.* at *14. In his review, however, he cited certain factors that courts have considered in determining reasonableness: whether detention has continued beyond the average time necessary for completion of removal proceedings; the probable extent of future removal proceedings; the likelihood that removal proceedings will actually result in removal; and the conduct of both the alien and the government during the proceedings. *Id.* at *14 n.32.

The Court has not located a Fifth Circuit case recognizing or foreclosing Petitioner's due process claim. Even if this Court were to agree with those courts that have found that detention under § 1226(c) may, in some circumstances, become unreasonable and a violation of due process, having considered the facts of this case, the Court finds that the detention has not become unreasonable and that Petitioner has not shown that the detention is likely to become unreasonable in the near future.

The record indicates that Petitioner's removal proceedings and the determination of whether he is entitled to withholding of removal are proceeding. Courts have not found detentions of seven months to be unreasonable. In *Kim v. Obama*, No. EP-12-CV-173-PRM, 2010 WL 10862140 (W.D. Tex. July 10, 2012), the court found that a detention of one-and-a-half years was not unreasonable given that the continued detention was a direct result of the petitioner's efforts and not improper behavior on the Government's part. *Id.* at *3. In *Garcia v. Lacy*, 2013 WL 3805730, at *5, the court held that a detention of two years and three months was not unreasonable given the petitioner's criminal record and the fact that much of the delay was attributable to the petitioner. Unlike *Diop*, the detention is nowhere as long as three years and is not due to numerous errors by the Government. Further, there is no indication that the purposes of detention are not being served, since no finding has been made in the removal proceedings that indicates that removal is unlikely. That was one of the key bases for this Court's holding in *Kambo v. Poppell* that further detention was unreasonable.[8] Accordingly, at this time, the purposes of detention are being served, and it appears that they will

---

[8] In *Kambo*, the Immigration Judge had issued a decision that Kambo was not subject to the no-bond, no-review provisions and should be released on bond and had also granted his request for an adjustment of status. At the time Kambo filed the petition for writ of habeas corpus, both those rulings were on appeal and were stayed. Given the posture of the case, the Court found that there was a significant likelihood that Kambo would not be removed.

continue to be served, even if removal proceedings continue to take some time.

Accordingly, it is hereby **ORDERED** that:

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2. Respondent's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, docket no. 13, is **DENIED.**

3. Respondent's motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for relief, docket no. 13, is **GRANTED.**

4. Petitioner's federal habeas corpus petition, filed May 19, 2014, is **DISMISSED** without prejudice.

5. All other pending motions are **DISMISSED AS MOOT.**

It is so ORDERED.

SIGNED this 18th day of August, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE