UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALONZO ALVARADO QUINTERO, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL NO. SA-14-CA-474-XR |
| § | |
| ERIC H HOLDER, JEH JOHNSON, § | |
| ENRIQUE LUCERO, § | |
| RANDEL J. HENDERSON, and § | |
| RAY CASTRO, § | |
| § | |
| Respondents. § | |

**ORDER ON MOTION FOR RECONSIDERATION**

On this date, the Court considered *pro se* Petitioner Alonso Alvarado Quintero's motion for reconsideration (docket no. 19). Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued pre-removal detention under 8 U.S.C. § 1226(c) without a determination that continued detention is justified. This Court granted Respondents' motion to dismiss, finding that the detention has not become unreasonable. Petitioner seeks reconsideration of the dismissal. After careful consideration, the Court will deny the motion.

**Analysis**

On May 19, 2014, Petitioner filed his petition for federal habeas corpus relief pursuant to § 2241, arguing that he had been held in detention for seven months pending the outcome of his removal proceedings, that he believes that he qualifies for withholding of removal, that he expects his detention to continue for at least six-to-eight months and possibly much longer while he goes through removal proceedings, and that his continued detention has become unreasonable. Petitioner admits that he is properly subject to detention under § 1226(c), which mandates detention during removal proceedings for a limited class of deportable aliens, including those convicted of certain

crimes. Relying on the Supreme Court's opinions in *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001) and *Demore v. Kim,* 538 U.S. 510 (2003)*,* as well as the Third Circuit's opinion in *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011), Petitioner argues that his current pre-removal detention is no longer reasonable and violates constitutional due process principles.

In its dismissal order, this Court noted that while *Zadvydas* does impose a reasonable time limitation in the context of post-removal detention, Petitioner is not subject to a final order of removal, and thus *Zadvydas* does not expressly apply. In *Demore v. Kim*, 538 U.S. 510 (2003), the Court considered a habeas petition brought by a lawful permanent resident alien challenging the no-bail provision of § 1226(c) and concluded that detention during deportation proceedings is a constitutionally valid aspect of the deportation process. *Id*. at 523. The *Demore* Court expressly distinguished *Zadvydas*, noting that the aliens challenging their detention following final orders of removal were ones for whom removal was "no longer practically attainable" such that the detention did not serve its purported immigration purpose. *Id.* at 527. Pre-removal detention, in contrast, "necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings , thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528. The *Demore* Court further noted that *Zadvydas* was materially different because the period of detention at issue in *Zadvydas* was "indefinite" and "potentially permanent," while pre-removal detention is of a much shorter duration: "Under § 1226(c), not only does detention have a definite termination point, in the majority of cases it lasts for less than the 90 days [the Court] considered presumptively valid in *Zadvydas*." *Id.* at 529. The Court found, "In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which

the alien chooses to appeal. [Kim] was detained for somewhat longer than the average—spending six months in INS custody prior to the District Court's order granting habeas relief, but [Kim] himself had requested a continuance of his removal hearing." *Id.* at 530-31.  This detention did not violate due process.

In *Diop*, the Third Circuit relied on *Zadvydas* and *Kim* to conclude that although mandatory detention itself did not violate due process, "the statute [§ 1226(c)] implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Diop*, 656 F.3d at 231.  The Third Circuit recognized that this inquiry will necessarily be fact-dependent and will vary depending on existing circumstances, and declined to establish a universal point at which detention will always be considered unreasonable.  *Id.* at 233.

In his motion for reconsideration, Petitioner cites *Norales-Lopez v. Gomez*, No. SA:14-CV-149 (W.D. Tex. June 26, 2014) for support.  In that case, the petitioner had been detained under § 1226(c) during removal proceedings for over 500 days.  Judge Hudspeth agreed that § 1226(c) did not give the Government *carte blanche* to delay removal proceedings unreasonably, but dismissed the petition as moot because the Immigration Judge had ordered the petitioner removed while the habeas petition was pending.  Judge Hudspeth surveyed the law, and noted that the Fifth Circuit has not addressed what constitutes a "reasonable" period of detention, that two courts of appeals have required the district court to conduct a fact-specific inquiry into the nature of the delay, and that the Ninth Circuit has held that a period of detention longer than six months is deemed presumptively unreasonable.

In its dismissal order, this Court concluded that, even if detention under § 1226(c) may, in some circumstances, become unreasonable and a violation of due process, Petitioner has not shown that his detention is unreasonable or is likely to become unreasonable in the near future. As noted, Petitioner does not challenge the fact that he is subject to mandatory detention under § 1226(c), nor does his petition demonstrate that removal is unlikely to occur beyond his belief that he has a meritorious case. Rather, the petition relies only on the length of his detention to establish his claim. Specifically, the petition states that Petitioner came into custody on October 21, 2013 and that, while in custody, he expressed fear of persecution or torture upon returning to Mexico. Petitioner states that an asylum officer concluded that Petitioner had a reasonable fear and the matter was referred to an Immigration Judge. Petitioner states that he "lingered in mandatory detention during seven months before the removal proceedings began" on May 12, 2014. Petitioner states that, "on an educated guess," the duration of the removal proceedings can be six to eight months, and longer if there is an appeal. Petitioner states that he has been detained "for the last 7 months in spite of the fact that he can raise substantial arguments against his removal that necessitate a hard look."

Although Petitioner's detention may have exceeded the period contemplated in *Demore*, at this time that fact does not render his detention unreasonable. Petitioner's pleadings fail to establish that the detention lacks a foreseeable end or that the detention fails to serve the purposes of the statute (to keep him in custody as a criminal alien and to keep him available if and when removal is ordered). Therefore, even taking everything he alleges in his petition as true, Petitioner fails to state a claim for relief at this time.

Considering also Petitioner's allegations in his response to the motion to dismiss and the motion for reconsideration, Petitioner still fails to state a claim. Petitioner states that his removal

proceedings begin on May 12, 2014, when he first appeared before the Immigration Judge. The Immigration Judge granted a continuance to enable Petitioner to obtain counsel, and set a hearing on June 3, 2014. At the hearing, Petitioner moved to proceed *pro se*, and the Government asked for additional time to obtain documentation of an alleged prior removal. The next hearing was on June 10, at which time the Government again asked for additional time to obtain the documents. On June 19, the Government did not have evidence to support the claim of a prior removal, and the Immigration Judge gave Petitioner a form I-589 application to be submitted by July 7. At the July 7 hearing, Petitioner filed his application for withholding of removal and Convention Against Torture, and the Immigration Judge allowed time for Petitioner to obtain and submit the documentation in support of his claim by September 9, 2014. The described delays are not unreasonable in their purpose or their duration. Petitioner's response to the motion establishes that his removal proceedings are progressing. No merits determinations have been made indicating that removal is unlikely. Petitioner again argues only that the length of his detention (11 months) has become unreasonable. Thus, considering the factors that courts have listed for determining whether a detention is unreasonable, the delay is not unreasonable.

    In his motion for reconsideration, Petitioner asserts that the Government offers no justification for the delay between October 23, 2013 (his initial detention) and May 12, 2014 (his first hearing before the Immigration Judge). Petitioner asserts that disorganization and oversight are to blame for the delay. Petitioner alleges that no action was taken to remove him during this time and the Immigration Judge continually overlooked his case. Although lengthy delays without justification factor into the Court's analysis, Petitioner still fails to establish that the total delay is unreasonable or has ceased to serve its purpose. As noted, at this time, the removal proceedings are

progressing, and there has been no determination that would indicate that Petitioner is not subject to mandatory detention under § 1226(c) or that removal is unlikely. Given these circumstances, Petitioner has failed to state a claim for relief at this time. Petitioner's motion for reconsideration (docket no. 19) is DENIED.

    It is so ORDERED.

    SIGNED this 2nd day of September, 2014.

                                                   XAVIER RODRIGUEZ
                                                   UNITED STATES DISTRICT JUDGE